UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-00091-H

| | |
|---|---|
| PRECISION BIOSCIENCES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CELLECTIS S.A., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant Cellectis S.A.'s motion to stay [DE-8] and motion to extend time to answer the complaint pending resolution of the motion to stay [DE-14]. Plaintiff, Precision BioSciences, Inc., has filed a response in opposition to the motions [DE-15], and Defendant has filed a reply [DE-18]. On November 30, 2011, the Court held a telephonic hearing on the motions to further develop the record, and the matters are now ripe for decision.

## BACKGROUND

On March 1, 2011, Precision filed this declaratory judgment action seeking a judgment of non-infringement of Cellectis's U.S. Patent No. 7,897,372 ("the '372 patent"). Earlier that same day, Cellectis had filed a complaint against Precision in federal court in Delaware, *Cellectis S.A. v. Precision BioSciences, Inc.*, No. 1:11-cv-00173, alleging infringement of the '372 patent. Cellectis contends that the preset action is duplicative of the Delaware action and seeks to stay this action pending the Delaware court's ruling on Cellectis's motion to enjoin Precision from prosecuting this case in favor of the resolving the dispute in the first filed Delaware case. Also pending in the Delaware action are Precision's motion to transfer the Delaware action to this district and motion to stay the Delaware case pending *ex parte* reexamination of the patent-in-

suit. The motion to enjoin, motion to transfer, and motion to stay have been fully briefed and are ripe for decision in the Delaware court. Additionally, a scheduling order has been entered and the parties are presently conducting discovery in the Delaware action.

For the reasons that follow, Defendant's motion to stay is granted and the motion to extend the time to answer is denied as moot.

## DISCUSSION

Generally, Cellectis contends that as first-filer and patentee it should be entitled to its choice of forum in Delaware and that it would be wasteful of both time and resources to simultaneously proceed with two identical cases on the same patent in two separate district courts. Thus, Cellectis contends that this action should be stayed pending the Delaware court's ruling on the pending motion to enjoin. Precision contends that the alleged infringement in the Delaware case pertains to the same infringing activities alleged in the original case filed by Cellectis against Precision in this district in 2008 (*Cellectis S.A. v. Precision BioSciences, Inc.*, No. 5:08-cv-119-H, '545 and '605 patents), which is presently stayed pending *inter partes* reexamination of those patents. Also, while Precision is incorporated in Delaware, its operations and employees are based in RTP. Therefore, Precision contends that this is the appropriate forum for resolution of the dispute and that Cellectis should not be allowed to engage in what Precision perceives as forum shopping.

It is within a court's sound discretion to stay an action before it. *Int'l Nickel Co. v. Martin J. Barry, Inc.*, 204 F.2d 583, 585 (4th Cir. 1953).

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

2

*Id.* at 586 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

In the present case, the weight of competing interests is in favor of issuing a stay. Ultimately at issue is whether the dispute regarding the '372 patent should be litigated in this Court or in the Delaware court. That issue has been fully briefed and is ripe for decision in the Delaware action in the form of a motion to enjoin Precision from prosecuting this action and a motion to transfer the Delaware action to this Court. There is no reason to doubt that the Delaware court will fairly and competently adjudicate the issue before it. Furthermore, a scheduling order has been entered and the parties are proceeding with discovery in the Delaware action; thus, absent a stay, duplicative litigation will result. The Court is convinced that both the parties and the Court will benefit from the conservation of resources resulting from a stay of this action in order to allow the Delaware court to rule on the pending motions. The question then becomes whether the potential harm to Precision outweighs the benefits of the stay.

Precision's chief concern appears to be that a stay of this action "will provide Cellectis with an argument to support its forum shopping effort in the District of Delaware." Pl.'s Resp. at 12-13 [DE-15]. Presumably, if this action is stayed, Cellectis will argue that the lack of progress in this action justifies denial of the transfer motion. While the Court understands Precision's concern, it is easily assuaged. In the event the Delaware court were to transfer the action before it to this district, this Court would be inclined to preserve the schedule under which the parties are presently operating in that action. This Court is familiar with the parties and would endeavor to facilitate a seamless transition of the litigation to this forum. The Court sees no reason why a

stay of this case, in order to allow the Delaware court to rule on the pending motions, should have any impact whatsoever on the outcome of the motion to transfer. Accordingly, the Court concludes that the conservation of resources achieved by the stay outweighs any potential harm to Precision and that, therefore, this action should be stayed pending resolution of the motion to enjoin and/or motion to transfer by the Delaware court.

## CONCLUSION

Defendant's motion to stay [DE-8] is **GRANTED**, and Defendant's motion to extend time to answer the complaint pending resolution of the motion to stay [DE-14] is **DENIED AS MOOT**. Defendant shall file a status report with the Court within **seven (7) days** of the Delaware court's ruling on the motion to enjoin, motion to transfer, or motion to stay so that the Court may re-evaluate the continued propriety of the stay.

This the 30th day of November, 2011.

DAVID W. DANIEL
United States Magistrate Judge